**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PHOENIX INDUSTRIAL CONTRACTORS, INC. | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 07-611 C |
| THE UNITED STATES OF AMERICA | ) | Judge Marian Blank Horn |
| Defendant. | ) | |

**MOTION TO TRANSFER PURSUANT TO 41 U.S.C §609(d)**

Plaintiff Phoenix Industrial Contractors, Inc. by the undersigned counsel, files this Motion to Transfer Pursuant to 41 U.S.C §609(d), and alleges as follows:

1. The Complaint in this matter was filed as a protective measure in the event of a jurisdictional challenge at the Civilian Board of Contract Appeals ("Board") concerning an appeal involving these same claims. On March 19, 2007 Plaintiff filed two appeals with the Board, which Appeals are docketed as CBCA #'s 680 and 681. By way of explanation, Plaintiff states:

2. On April 6, 2006, Phoenix submitted a detailed claim to the contracting officer for the release of liquidated damages effective August 5, 2002, in the amount of $42,105.00, plus interest. As of March 19, 2007, the contracting officer had failed to respond, issue a final decision, or release the retained liquidated damages. On that date, Phoenix filed an appeal with the Board based on the contracting officer's deemed denial of its claim (41 U.S.C. § 605(c)(5)). The issue of liquidated damages is not a part of this action.

3. On June 19, 2006, Phoenix submitted a certified claim to the contracting officer in the amount of $1,256,823.00. The certified claim, which was presented through sixteen discrete elements, summarized its damages for those sixteen elements in nine specific areas:

| **Claim Element** | **Claimed Damages** |
|---|---|
| | |
| Indemnification-Constructive Suspension | $60,598 |
| Access Restriction-Delay | $961,830 |
| Dutchmen-extra work | $28,334 |
| GRW concrete topping-extra work | $44,033 |
| Gate house-extra work | $10,483 |
| Island "A" -extra work | $36,365 |
| Mod 2-truss-extra work | $97,020 |
| Mod 3-loam/fence-extra work | $5,660 |
| Mod 5 alleged defective work | $12,500 |
| **Total Claim** | **$1,256,823.00** |

4. In response to that $1,256,823.00 certified claim, the contracting officer issued a series of piecemeal letters purporting to be final decisions beginning on August 17, 2006 through December 21, 2006:

a. Indemnification-Constructive Suspension: denied on November 28, 2006;
b. Access Restriction-Delay: denied on December 21, 206;
c. Dutchmen-extra work: denied on August 17, 2006;
d. GRW concrete topping-extra work: denied on August 17, 2006;
e. Gate house-extra work: denied* on August 17, 2006;
f. Island "A" -extra work: denied* on August 18, 2006;
g. Mod 2-truss-extra work: denied on August 18, 2006;
h. Mod 3-loam/fence-extra work: denied* on August 18, 2006;
i. Mod 5 alleged defective work: denied on August 18, 2006;

*Within these particular ‘final decisions’ which purported to deny the relevant element of the claim, the Contracting Officer simultaneously left final determination of the element and the claim open to future adjustment pursuant to “a separate final Decision by the Contracting Officer” and “a credit . . . not claimed by the Government at this time.”

7. Despite the contracting officer’s having issued eight so-called ‘final decisions’ prior to issuing her December 21, 2006 final decision, those decision letters failed to address even 20% of Phoenix’s claim.

8. Given that the certified claim was for a sum certain ($1,256,823.00), was presented as a comprehensive and integrated package to the contracting officer, and was not addressed as to its vast majority or entirety until December 21, 2006, Plaintiff filed a timely appeal with the Board on March 19, 2007, contending that the appeal was timely filed for all claims submitted to the contracting officer. Plaintiff contends that such filing was timely pursuant to 41 U.S.C. § 606 as to the entirety of the claim.

9. In the event, however, that the government may assert that the Appeal to the Board was untimely as to those claims for which a 'final decision' had been issued prior to December 21, 2006, Plaintiff has filed this action with the Court to avoid unnecessary jurisdictional arguments before the Board. Given that the first of the 'final decisions' was issued on August 17, 2006, this action is timely filed.

10. Pursuant to 41 U.S.C §609(d), "If two or more suits arising from one contract are filed in the United States Court of Federal Claims and one or more agency boards, for the convenience of parties or witnesses or in the interest of justice, the United States Court of Federal Claims may order the consolidation of such suits in that court or transfer any suits to or among the agency boards involved."

11. Plaintiff is requesting that the Court order that this proceeding be transferred to the Civilian Board of Contract Appeals and consolidated into Appeals 680 and 681 pursuant to 41 U.S.C §609(d).

**PRAYER FOR RELIEF**

WHEREFORE Phoenix respectfully requests the Court Order this matter be transferred to the jurisdiction of the Civilian Board of Contract Appeals and consolidated into the Board's docketed cases numbers 680 and 681; and for such and other relief as the Court deems just.

Respectfully submitted,

Dated: September 24, 2007

/s/Douglas L. Patin
DOUGLAS L. PATIN
Bradley Arant Rose & White LLP
1133 Connecticut Avenue, NW, 12th Floor
Washington, D.C. 20036
(202) 719-8241 (office)
(202) 719-8341 (fax)

Counsel for Plaintiff
PHOENIX INDUSTRIAL
CONTRACTORS, INC.

CERTIFICATE OF FILING

I hereby declare that on this 24th day of September, 2007, a copy of the foregoing " MOTION TO TRANSFER PURSUANT TO 41 U.S.C §609(d)" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Douglas L. Patin
Douglas L. Patin